**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009[*]
Decided May 28, 2009

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2533

| | |
|---|---|
| DEXTER ANDERSON, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-C-761 |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellee.* | William C. Griesbach, |
| | *Judge.* |

**O R D E R**

A jury found Dexter Anderson guilty of multiple counts of possession and sale of crack and being a felon in possession of a firearm, and the district judge sentenced him to 25 years in prison. We affirmed his conviction and sentence on direct appeal. *See United States*

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

*v. Anderson*, 450 F.3d 294 (7th Cir. 2006). Anderson then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his respective counsel were ineffective because they failed to make him aware of a government plea offer and the possible benefits of pleading guilty. The district judge denied him relief, but granted him a certificate of appealability concerning his ineffective-assistance claim. We affirm.

In December 2003, about one month after the government filed an indictment against Anderson, Anderson's counsel withdrew and the defendant retained attorneys Jonathan Smith and his partner, Steven Kohn. According to Anderson, Smith and Kohn visited him twice in prison to discuss his case, and after the second visit Kohn sent Anderson a letter attaching a plea offer from the government. Kohn advised Anderson to read the letter and to call him if he had any questions.

The government in its plea offer informed Anderson that if he went to trial and were found guilty he would face a guidelines range of 292 to 365 months, and that the government was prepared to and would file an information listing two prior convictions as a basis for an enhanced sentence. *See* 21 U.S.C. § 851. If Anderson entered a plea of guilty, however, the government said that it would consider seeking a plea to only one count of conspiracy to distribute cocaine for which he would face a lower guidelines range. Anderson acknowledged reading the letter but claimed that federal marshals took it away from him.

Before trial, Anderson, unhappy with Smith and Kohn's work, fired them and retained Ann Bowe as counsel. Anderson asserted in his affidavit that Bowe, the second lawyer, never explained the plea agreement or the possible exposure to a higher sentence if he went to trial. He also says that Bowe told him he had a fifty-percent chance of prevailing at trial.

Anderson represented by Bowe was found guilty at trial before a jury on all counts. As the government had warned, it filed the § 851 information regarding his prior convictions, thereby subjecting him to a twenty-year statutory minimum sentence. The judge gave Anderson a twenty-five-year sentence, and we affirmed his conviction and sentence on direct appeal.

In his § 2255 motion, Anderson maintained that he received ineffective assistance of counsel because his attorneys never informed him of the government's plea offer and the possibility of a twenty-year minimum based on prior convictions, and, had he known, he would have accepted the plea agreement.

The district judge denied his motion, finding that Anderson was aware of the specific consequences of going to trial because he received, read, and understood the government's plea offer Kohn had sent him. The judge doubted that federal marshals took the letter from Anderson, but stated that even if that were true, his attorneys supplied him with the relevant information concerning the government's offer. As for Bowe, the judge said that even if she had assessed Anderson's chances of winning at trial at fifty percent, such an assessment did not amount to ineffective assistance because it was not so "overly sanguine or recklessly optimistic" as to likely convince an otherwise cautious defendant to go to trial.

On appeal Anderson repeats his argument that his attorneys were ineffective in failing to apprise him of the government's plea offer and the impact of the § 851 filing. It is true that a defense attorney's failure to inform a defendant about a plea agreement may constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), *see United States v. Golden*, 102 F.3d 936, 943 (7th Cir. 1996), but we agree after examination of the record with the district judge that the performance of Anderson's counsel was not deficient because it was not "objectively unreasonable," *Moore v. Bryant*, 348 F.3d 228, 241 (7th Cir. 2003). As the judge pointed out, Kohn sent the government's plea agreement to Anderson, and that plea offer contained all of the relevant information he now claims he lacked. Anderson admits that he read it. Bowe, in her affidavit, stated that she discussed it with him and asked him if he understood that his sentence could be "dramatically enhanced" by going to trial. Anderson disputes Bowe's assertion, but even if Bowe did not talk to him about the government's offer, Kohn had already provided, by forwarding the government's letter[1], the key information regarding the consequences of going to trial.

Anderson also claims that Bowe's performance was deficient because she told him that he had a fifty-percent chance of prevailing at trial (Bowe, however, disputes making this assessment). But a mistaken prediction is not sufficient to show deficient performance unless it is a "gross mischaracterization." *See Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007) (holding that counsel was ineffective when he advised defendant of incorrect statutory maximum). And we have held that a lawyer's performance may be deficient if "he advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005). Even if Bowe was incorrect in assessing Anderson's likelihood of success at trial at

---

[1]The government's letter referred to in this order includes a summary of evidence against Anderson encompassing the drugs located during the search, controlled drug purchases, telephone records indicative of drug dealing, and so forth. The letter also contains a formal notice proclaiming that should the case go to trial, the government will amend its information to include a prior drug conviction.

fifty-fifty, Anderson has failed to point to any defect in her analysis of trial strategy to render this assessment a "gross mischaracterization."

Finally, Anderson asserts that if he had he known of the government's plea offer and the consequences of going to trial, he would have pleaded guilty. Having held that Anderson's counsel's performance was not deficient, we need not address Anderson's claim of prejudice. *See Julian*, 495 F.3d at 494 (counsel's performance must be deficient *and* prejudice the defendant for defendant to prevail on ineffective assistance claim). In any case, Anderson has failed to demonstrate that he was prejudiced by his counsel's performance because his actions showed that he had no inclination to plead guilty. *See Gallo-Vasquez* 402 F.3d at 798-99. Anderson repeatedly discussed his desire to go to trial with Bowe, maintained his innocence in his testimony at trial, and proclaimed at sentencing that the government did not "really have proof I did this."

AFFIRMED.